IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD F. ADAMS                                                     PLAINTIFF

v.                         CIVIL NO. 07-2133

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                  DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Richard F. Adams brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). Plaintiff's appeal brief, dated February 28, 2008, is being construed as a motion that his case be remanded to the Commissioner for consideration of new and material medical evidence.[1] (Doc. No. 6).

**Procedural Background:**

The application for DIB presently before this court was filed on June 27, 2005, alleging an inability to work since September 9, 2004, due to chronic back pain, status post laminectomy and high blood pressure.[2] (Tr. 20 ). An administrative hearing was held on November 21, 2006. (Tr. 393-438). Plaintiff was present and represented by counsel.

---

[1] Plaintiff's counsel is reminded that all new and material evidence submitted to the court should be submitted in a separate motion.

[2] At the administrative hearing before the ALJ on November 21, 2006, plaintiff amended his alleged onset date to August 7, 2004. (Tr. 415).

AO72A
(Rev. 8/82)

By written decision dated February 22, 2007, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 22). However, after reviewing all of the evidence presented, she determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr.23 ). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and carry twenty pounds occasionally, ten pounds frequently; to stand and walk for about six hours in an eight-hour workday; to sit for about six hours in an eight-hour workday; to push or pull with his lower extremities within the lifting and carrying limitations of light work; and to occasionally climb, stoop, bend, crouch, kneel or balance. (Tr. 23). The ALJ further found plaintiff could never climb scaffolds, ladders or ropes. With the help of a vocational expert, the ALJ determined plaintiff could perform other work as a cashier and an assembler. (Tr. 25).

Plaintiff appealed the decision of the ALJ to the Appeals Council. After reviewing the additional medical evidence submitted by plaintiff, plaintiff's request for review of the hearing decision by the Appeals Council was denied on September 28, 2007. (Tr. 4-7). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. No. 1).

The evidence which plaintiff now moves to supplement the record with and have considered on remand consists of a questionnaire completed by plaintiff's treating physician, Dr. Terry Brackman. (Doc. No. 6). In this questionnaire, Dr. Brackman indicates that the RFC he completed dated June 26, 2007, opining plaintiff could perform less than sedentary work, were

plaintiff's limitations as of April 20, 2005.[3] Dr. Brackman indicates the basis of his opinion regarding plaintiff's limitations is based off of the medical evidence indicating plaintiff had a recurrence of his pain three months post surgery and has continued to have disabling pain since that period of time.

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983).  "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination."  *Woolf,* 3 F.3d at 1215.

The evidence plaintiff now provides did not exist on February 22, 2007, when the ALJ issued her decision, and that fact serves as cause sufficient to excuse plaintiff's failure to include these records in the administrative proceedings.  *Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir. 1993)(*citing Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991)).

Next, we consider the issue of materiality.  "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision."  *Thomas*, 928 F.2d at 260 (*quoting Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)).  The medical records submitted further substantiate the RFC assessment reviewed by the

---

[3] Plaintiff submitted the RFC dated June 26, 2007, and other treatment notes from Dr. Brackman for the time period of January 2007 through June of 2007 to the Appeals Council. (Tr. 368-392).

Appeals Council prior to denying review of the ALJ's decision. There is a reasonable likelihood that the questionnaire completed by Dr. Brackman couple with the RFC assessment and treatment notes reviewed only by the Appeals Council would have changed the ALJ's determination. Accordingly, we find that remand is appropriate for consideration of the additional evidence, as this evidence appears to indicate that plaintiff's impairments impose limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicated. *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

Based on the foregoing, we recommend remanding this case to the Commissioner for consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of September 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE